**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-25-0000641
20-APR-2026
08:19 AM
Dkt. 27 ODSLJ

NO. CAAP-25-0000641

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
DROSSTAIN PUA, Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CPC-23-0000429)

ORDER DISMISSING APPEAL
(By: Nakasone, Chief Judge, Hiraoka and Wadsworth, JJ.)

Upon review of the record, it appears that:

(a) On September 18, 2025, Defendant-Appellant Drosstain Pua (**Pua**) filed a Notice of Appeal from the March 15, 2024 Judgment of Conviction and Sentence (**Judgment**).

(b) Pua's notice of appeal was not filed within 30 days after the entry of judgment, as required by Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 4(b)(1), and he does not appear to have obtained an extension of time to file a notice of appeal under HRAP Rule 4(b)(5).

(c) Rene H. Heimgartner (**Heimgartner**) was Pua's counsel at the time of the Judgment and the deadline to file the notice of appeal under HRAP Rule 4(b)(1). Randall K. Hironaka (**Hironaka**) was appointed counsel for Pua on July 2, 2024, and Hironaka continues as Pua's appellate counsel.

(d) The March 27, 2026 Order to Show Cause as to why the appeal should not be dismissed for lack of appellate jurisdiction stated that "ineffective assistance of counsel is not plain from the record" and Pua's January 13, 2026 Motion to

Accept Late Transcript Requests, Statement of Jurisdiction, and Motion for Extension of Time to File Opening Brief "does not state whether Pua instructed Heimgartner and/or Hironaka to appeal from the Judgment before the notice of appeal was due; knew when a notice of appeal was due but did not decide to appeal until after the deadline expired; or was not informed when a notice of appeal was due."

(e)  In response to the March 27, 2026 Order to Show Cause, Heimgartner's April 9, 2026 declaration states in part that to the best of his recollection Heimgartner "informed Defendant [Pua] of his appeal rights and deadlines to file a notice of appeal" and Pua "requested an appeal to be filed after May 12, 2024, and outside of the HRAP Rule 4(b)(5) time period to request an extension."  Hironaka's April 13, 2026 Response to Order to Show Cause states in part that "Pua did not express a desire to appeal until well after the 30-day deadline to do so" and "wanted to appeal the judgment" in 3CPC-23-0000429 "even though the time for appeal had long since lapsed."

(f)  On this record, the court lacks appellate jurisdiction to review the merits of Pua's appeal because ineffective assistance of counsel in failing to comply with the procedural requirements to timely file the notice of appeal is not plain from the record.  See State v. Uchima, 147 Hawaiʻi 64, 82, 464 P.3d 852, 870 (2020) (concluding the court may review the merits of an untimely appeal "when it is plain from the record that defense counsel failed to comply with the procedural requirements for filing" the appeal).

Therefore, IT IS HEREBY ORDERED that the appeal is dismissed without prejudice to Pua seeking relief by petition under Hawaiʻi Rules of Penal Procedure Rule 40.

IT IS FURTHER ORDERED that no further action will be taken on the March 27, 2026 Order to Show Cause.

IT IS FURTHER ORDERED that all pending motions are dismissed.

DATED:  Honolulu, Hawaiʻi, April 20, 2026.

/s/ Karen T. Nakasone
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge